UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

MARIE TOUSAINT, CHERICE DANIELS,
and LOUISEMIE DAUTRUCHE, individually
and on behalf of others similarly situated,

        Plaintiffs,

    -against-

MJ-MC HOME HEALTH CARE AGENCY,
INC.,

        Defendant.

Case No.:

**<u>COMPLAINT</u>**

**FLSA Collective Action and
Rule 23 Class Action Complaint**

**JURY TRIAL DEMANDED**

Plaintiffs MARIE TOUSAINT, CHERICE DANIELS, and LOUISEMIE DAUTRUCHE, by and through counsel, on their own behalf and on behalf of all others similarly situated, allege upon information and belief, except as to the allegations that pertain to Plaintiffs which are alleged upon personal knowledge, as follows:

## <u>INTRODUCTION</u>

1.  This action arises out of violations by Defendant MJ-MC HOME HEALTH CARE AGENCY, INC. ("Defendant") of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"), including its failure to pay Plaintiffs MARIE TOUSAINT, CHERICE DANIELS, and LOUISEMIE DAUTRUCHE ("Plaintiffs") and others similarly situated for all hours worked at the legally required minimum hourly wage rates and for its failure to pay them federally and state mandated overtime.

2.  Plaintiffs bring this action on behalf of themselves and all similarly situated current and former personal care assistants and/or home health aides of Defendant who elect to opt into this action pursuant to the FLSA, 29 U.S.C. § 216(b), to remedy Defendant's violations

of the wage and hour provisions of the FLSA which deprived Plaintiffs and others similarly situated of their lawful minimum and overtime wages.

3.    Plaintiffs also bring this action on behalf of themselves and a class of similarly situated current and personal care assistants and/or home health aides of Defendant, pursuant to Federal Rule of Civil Procedure ("FRCP") 23, for unpaid minimum and overtime wages pursuant to NYLL §§ 650 *et seq* and implementing regulations.

4.    Plaintiffs hereby seek legal and declaratory relief against Defendant pursuant to federal and New York statutes.

## JURISDICTION AND VENUE

5.    This Court has jurisdiction over Plaintiffs' FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

6.    This Court has jurisdiction over Plaintiffs' NYLL claims pursuant to 28 U.S.C. § 1367, in that they arise out of the same set of operative facts and are so related to Plaintiffs' FLSA claims that they form part of the same case or controversy.

7.    Venue in this District is proper pursuant to 28 U.S.C. § 1391(b) because Defendant resides in this judicial district in that its principal place of business is located in this district and because Plaintiffs labored for Defendant in this judicial district.

## THE PARTIES

8.    Plaintiff MARIE TOUSAINT is a resident of Richmond County in the State of New York.  Defendant employed Plaintiff TOUSAINT from in or around May of 2014 until the present.

9.     Plaintiff CHERICE DANIELS is a resident of Richmond County in the State of New York.  Defendant employed Plaintiff DANIELS from in or around July 2, 2016 to in or around August 8, 2016.

10.     Plaintiff LOUISEMIE DAUTRUCHE is a resident of Kings County in the State of New York.  Defendant employed Plaintiff DAUTRUCHE from in or around July of 2016 to in or around March of 2017.

11.     At all times relevant to this Complaint, Plaintiffs were employees of Defendant within the meaning of the FLSA, 29 USC § 203(e) and NYLL § 651.

12.     At all times relevant to this Complaint, Defendant employed Plaintiffs within the meaning of the FLSA and NYLL.

13.     Defendant MJ-MC HOME HEALTH CARE AGENCY, INC. is incorporated in the state of New York with its principal place of business located at 1575 East 19th Street, 2nd Floor, Brooklyn, New York.

14.      Defendant provides home care services to disabled individuals throughout metropolitan New York City and surrounding areas.

15.     At all times relevant to this action, Defendant, was engaged in and/or affecting interstate commerce with annual revenues in excess of $500,000.00, and Plaintiffs and others worked for Defendant in interstate commerce using the mails and wires, *inter alia*.

16.     At all times relevant to this action, Defendant has been and continues to be an "employer" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of the FLSA, 29 U.S.C. § 203.

## STATEMENT OF FACTS

17. Defendant at all relevant times herein employed Plaintiffs and others similarly situated as personal care assistants and/or home health aides to work in and around New York City providing personal home health care and assistance to Defendant's disabled/elderly clients.

18. Plaintiffs worked for Defendant at various times between 2014 and 2017 in the residences of Defendant's clients throughout the metropolitan area.

19. The job duties of Plaintiffs, and the FLSA Collective, and Class Members, included, but were not limited to the following: household chores, meal preparation, hygiene assistance, personal healthcare and running errands for the persons to whom Defendant assigned them ("consumer" or "client").

20. Plaintiffs, like each of the other FLSA Collective and Class Members, were responsible for all aspects of their assigned consumers' welfare, including but not limited to providing companionship, preparing meals, assisting in toileting and grooming, administering medication, accompanying their assigned consumers on outings to shops or other trips or errands, laundering, and house cleaning. These services were mostly provided in the homes of Defendant's consumers.

21. Plaintiffs were usually assigned to work three (3), four (4), or (5) consecutive twenty-four (24) hour shifts per week. Thus, Plaintiffs regularly worked between seventy-two (72), ninety-six (96), and one hundred twenty (120) hours per week. During the entire seventy-two (72), ninety-six (96), or one hundred twenty (120) hours, Defendant required Plaintiffs to remain with their consumers.

22. Plaintiffs and the Class Members do not "live on the premises of their employer." Therefore, Plaintiffs and the Class Members are not "residential employees" as defined by 12 N.Y.C.R.R. § 142-2.1(b).

23.     Moreover, Plaintiffs and the Class Members each maintain their own residences and do not reside in the homes of Defendant's consumers.

24.     While working their twenty-four (24) hour shifts, Defendant required Plaintiffs, and the FLSA Collective and Class Members, to stay overnight at the residences of Defendant's clients and monitor and attend to them, throughout their shifts.  These shifts were known as "live in" or "sleep in".

25.     While employed by Defendant, Plaintiffs, and the FLSA Collective and Class Members, regularly worked between forty-eight (48), ninety-six (96), and one hundred twenty (120) hours per week, and on occasion more.  During said time, Defendant prohibited Plaintiffs, and the FLSA Collective and Class Members, from leaving their assigned client(s) and required them to constantly attend to their client(s).

26.     During every minute of their assigned shifts, Defendant controlled the activities in which Plaintiffs, and the FLSA Collective and Class Members, were allowed to engage.

27.     During their entire shifts, Plaintiffs, and the FLSA Collective and Class Members, were not free to leave their places of employment during their entire forty-eight (48), ninety-six (96), and one hundred twenty (120) hours of work.

28.     Plaintiffs were responsible for providing care for their assigned consumers when they woke up during the nighttime, which regularly happened up to four times per night.

29.     Plaintiffs were regularly disturbed during their sleep and had to assist in toileting, administering medication, turning, and/or monitoring medical conditions.

30.     Plaintiff Tousaint generally worked between seventy-two (72) and ninety-six (96) hours per week, in three (3) or (4) consecutive twenty-four (24) hour shifts, from Friday 8 AM until Monday 8 AM or Wednesday 8:00 AM until Sunday 8:00 AM.

31.     For each twenty-four (24) hour shift that she worked, Defendant paid Plaintiff Tousaint approximately $136.00.

32.     When Plaintiff Tousaint worked shifts fewer than twenty-four (24) hours, Defendant paid her at an hourly rate of $10.50 per hour.

33.     Despite the regular work that Plaintiff Tousaint performed during the nighttime, she was only paid approximately $136.00 for each twenty-four (24) hour shift, or approximately $5.67 per hour.

34.     Plaintiff Daniels generally worked seventy-two (72) hours per week, in three (3) consecutive twenty-four (24) hour shifts, from Friday 8 AM until Monday 8 AM.

35.     Despite the regular work that Plaintiff Daniels performed during the nighttime, she was only paid approximately $142.00 for each twenty-four (24) hour shift, or approximately $5.92 per hour.

36.     Plaintiff Dautruche generally worked ninety-six (96) hours per week, in four (4) consecutive twenty-four (24) hour shifts, from Monday 8 AM until Friday 8 AM.

37.     Despite the regular work that Plaintiff Dautruche performed during the nighttime, she was only paid approximately $152.00 for each twenty-four (24) hour shift, or approximately $6.33 per hour.

38.     At the beginning and end of each of the Plaintiffs', and the FLSA Collective and Class Members', work shifts, Defendant required them to place a telephone call to Defendant's automated time keeping system to record their hours.  Defendant did not pay Plaintiffs, and the FLSA Collective and Class Members, for all recorded time and/or hours worked.

39.     Defendant at all times herein relevant failed to make and keep contemporaneous records of all of Plaintiffs', and the FLSA Collective and Class Members', work hours, including

but not limited to alleged sleep and meal periods, in violation of 29 U.S.C. § 211(c) and the NYLL § 196-a.

40. Throughout their respective tenures, Plaintiffs rarely if ever received uninterrupted, continuous, and completely-relieved-of-duty sleeping and meal periods because they assisted, monitored, rotated, toileted and responded to their assigned clients throughout their shifts, including during alleged sleeping and meal periods.

41. At all relevant times, even though Plaintiffs regularly worked through the night and did not receive five (5) hours uninterrupted sleep, Defendant automatically deducted from Plaintiffs' wages eight (8) hours per day for alleged sleep time and three (3) hours per day for alleged meal periods, without regard to whether Plaintiffs in fact worked through said time periods.

42. At all relevant times, as a result of the foregoing, Defendant often paid Plaintiffs, and the FLSA Collective and Class Members, at rates well below the minimum wage, in violation of the FLSA and NYLL.

43. At all relevant times, Defendant failed to pay Plaintiffs, and the FLSA Collective and Class Members, overtime wages for hours worked in excess of forty (40) per week, in violation of the overtime provisions of the FLSA and NYLL.

44. Defendant's recordkeeping practices violated the FLSA and NYLL, and the burden should shift to Defendant to prove it paid fully all personal care assistants and/or home health aides the minimum wage and overtime.

45. As certified personnel, Plaintiffs, and the FLSA Collective and Class Members, were trained personnel providing medically related services as defined in 29 C.F.R. § 552.6. As

such, neither Plaintiffs nor the FLSA Collective and Class Members were exempt from coverage under the "companionship" exemptions to the FLSA, 29 U.S.C. § 213(a)(15) or NYLL § 651.

46. The work performed by Plaintiffs, and the FLSA Collective and Class Members, was non-exempt as defined by the FLSA and the NYLL and its implementing regulations.

47. Plaintiffs and the Class Members are not *companions* as defined by 12 N.Y.C.R.R. § 142-2.14 because they do not live in the homes of their employers. Moreover, providing companionship is only incidental to the many duties that they perform, which include housekeeping.

48. Plaintiffs, and the FLSA Collective and Class Members, were neither responsible for, nor allowed to make, relevant decisions regarding policy, procedures, or protocol. Plaintiffs, and the FLSA Collective and Class Members, were subject to the control, policies, and procedures of Defendant in making decisions in the course of their employment.

49. Defendant monitored Plaintiffs', and the FLSA Collective and Class Members', compliance with their guidelines, procedures, and policies by periodically reviewing their work performance, and by sending supervisors and individuals from management to periodically observe them.

50. When divided by the number of hours worked per week, the hourly rates Defendant paid Plaintiffs, and the FLSA Collective and Class Members, regularly amounted to less than the minimum wage.

51. Plaintiffs and the Class Members were and are entitled to be paid the greater of one and one-half (1 1/2) times the minimum wage or their regular rates of pay for each hour in excess of forty (40) hours that they worked in any workweek pursuant to the FLSA and/or the NYLL and its implementing regulations.

52.     Plaintiffs and the FLSA Collective were and are entitled to be paid at one and one half (1 ½) times their regular rate of pay for all hours worked in excess of forty (40) hours that they worked in any workweek after January 1st, 2015.

53.     Defendant failed to pay Plaintiffs and the Class Members an extra hour of pay at the minimum wage rate for each day that their workday ended more than ten (10) hours after it began (spread of hours pay) as required by the NYLL and its implementing regulations.

54.     At all relevant times, Defendant failed to post and/or keep posted a notice explaining employees' rights under the FLSA, in violation of 29 C.F.R. § 516.4.

55.     Defendant failed to provide Plaintiffs and the Class Members with the notices required by NYLL §195(1).

56.     Defendant violated NYLL § 195(3) by failing to furnish Plaintiffs and the Class Members with a statement with every payment of wages, listing, among other things, all hours worked, rates paid, gross wages, deductions, and net wages.

57.     At all relevant times, Defendant failed to post and/or keep posted in places regularly assessable to Plaintiffs and the Class Members "a notice issued by the Department of Labor summarizing minimum wage provisions," in violation of 12 N.Y.C.R.R. §142-2.8.

58.     Defendant's posting, wage statement, and notice violations prevented Plaintiffs and the Class Members from knowing their legal rights and from figuring out exactly how many hours they were not compensated for.

59.     Upon information and belief, Defendant's unlawful conduct as described herein was pursuant to a policy or practice of attempting to minimize labor costs by violating the FLSA and NYLL.

60. Defendant's unlawful conduct has been widespread, repeated and consistent even after litigation on the exact same issue; and was not undertaken based on advice of counsel nor guidance from a competent court or governmental agency.

## COLLECTIVE ACTION ALLEGATIONS

61. Plaintiffs bring the First and Second Causes of Action as a collective action pursuant to Section 216(b) of the FLSA, 29 U.S.C. § 216(b) on behalf of themselves and others similarly situated (the "FLSA Collective members"), which shall include:

> All persons who work or worked as "live in" or "sleep in" home attendants for Defendant from on or after the date that is three years before the filing of the Complaint in this case through the date the Court orders notice to be sent in accordance with Section 216(b) of the FLSA.

62. Defendant is liable under the FLSA for, *inter alia*, failing to properly compensate Plaintiffs and the FLSA Collective Members. There are numerous similarly situated current and former employees of Defendant who have been underpaid in violation of the FLSA and who would benefit from the issuance of court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. These similarly situated employees are readily identifiable, and can be located through Defendant's records that they are required to create and maintain under applicable federal and state law. Notice should be sent to the FLSA Collective members pursuant to 29 U.S.C. § 216(b).

63. The members of the FLSA Collective are similarly situated. They all work in the same job classification and have substantially similar job requirements and pay provisions. They are all subject to a common practice, policy, or plan that requires or permits them to perform work (i) for an hourly wage that is below the legal minimum wage required by section 206 of the FLSA, and (ii) without being paid overtime wages required by section 207 of the FLSA.

## RULE 23 CLASS ACTION ALLEGATIONS

64.     Plaintiffs bring the Third through Sixth Causes of Action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of a class (the "Rule 23 Class" or "Class"), consisting of:

> All persons who work or worked as "live in" or "sleep in" home attendants for Defendant from on or after the date that is six years before the filing of the Complaint in this case through the date the Court certifies the class. Excluded are the named defendant and any persons who are related by blood or marriage to the named defendant.

65.     The Rule 23 Class is so numerous that joinder of all members is impracticable. Although the precise number of Rule 23 Class members is unknown, it is believed that there are well over one hundred potential class members who worked during the six year limitations period. The identity of the Rule 23 Class members is contained in the employment records that Defendant is required to create and maintain under state and federal law.

66.     Common questions of law and fact exist as to all members of the Rule 23 Class that predominate over any questions affecting solely individual members. The claims of the members of the Rule 23 Class depend upon common questions of such a nature that they will generate common answers apt to drive the resolution of this litigation. Among the questions of law and fact common to the Rule 23 Class are:

 i.     Whether Defendant has and is engaged in a pattern or practice of failing to pay Plaintiffs and the Rule 23 Class at an hourly rate equal to or greater than the basic minimum hourly wage rate for all hours worked in violation of the NYLL;

 ii.    Whether Defendant violated the NYLL by failing to pay Plaintiffs and the Rule 23 Class overtime wages for all hours worked in excess of forty (40) in a workweek;

iii. Whether Defendant violated the NYLL by failing to Pay Plaintiffs and the Rule 23 Class an extra hour's pay for the "spread of hours" when they worked a workday ten (10) or more hours long;

iv. Whether Defendant violated the NYLL by failing to provide Plaintiffs and the Rule 23 Class with proper pay statements as mandated by N.Y. Lab. Law § 195(3);

v. Whether Defendant violated the NYLL by failing to provide Plaintiffs and the Rule 23 Class with wage notices as mandated by N.Y. Lab. Law § 195(1);

vi. Whether Defendant was unjustly enriched by their wage policies; and

vii. Whether Defendant's actions were willful.

67. Plaintiff's' claims are typical of the claims of the Rule 23 Class as Plaintiffs and the members of the Rule 23 Class have sustained damages arising out of Defendant's conduct in violation of the NYLL as complained of herein. Plaintiffs and the Rule 23 Class members are current and former "live in" or "sleep in" home attendants, employed by Defendant, who sustained damages, including underpayment of wages, as a result of Defendant's compensation policies and practices. The defenses that likely will be asserted by Defendant against Plaintiffs are typical of the defenses that Defendant will assert against the Rule 23 Class members.

68. Plaintiffs will fairly and adequately represent and protect the interests of the Rule 23 Class. Plaintiffs have no interest antagonistic to or in conflict with the interests of the Rule 23 Class as a whole. Plaintiffs have retained counsel experienced in pursuing complex and class action litigation who will adequately and vigorously represent the interests of the class.

69. The common questions identified above predominate over any individual issues, which will relate solely to the quantum of relief due to individual Rule 23 Class members.

70. Class action treatment is superior to other available methods for the fair and efficient adjudication of the controversy alleged herein. Treating this as a class action will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy. The Rule 23 Class is readily identifiable from records that Defendant is legally required to maintain.

71. Prosecution of separate actions by individual Rule 23 Class members would create the risk of inconsistent or varying adjudications with respect to individual members of the Rule 23 Class that would establish incompatible standards of conduct for Defendant.

72. Defendant has acted, or failed to act, on grounds generally applicable to the Rule 23 Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Rule 23 Class as a whole.

### FIRST CAUSE OF ACTION
**(Minimum Wage Violations of the FLSA - Brought by Plaintiffs
on Behalf of Themselves and the FLSA Collective Plaintiffs)**

73. Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs as if they were set forth herein.

74. Throughout the statute of limitations period covered by these claims, Plaintiffs and others similarly situated were "employees" of Defendant within the meaning of the FLSA, 29 U.S.C. § 203(e) and (g).

75. Throughout the statute of limitations period covered by these claims, Plaintiffs and others similarly situated were employees engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 203(b), 206, and 207 and therefore individually covered by the FLSA.

76. Throughout the statute of limitations period covered by these claims, Defendant has been, and continues to be, an "employer" engaged in interstate "commerce" and/or the production or sale of "goods" for "commerce" within the meaning of the FLSA, 29 U.S.C. § 203.

77. Throughout the statute of limitations period covered by these claims, Defendant has had annual gross revenues in excess of $500,000.

78. Plaintiffs consent in writing to be a party to this action pursuant to 29 U.S.C. § 216(b). Plaintiffs' written consent forms are attached hereto as Exhibit A and incorporated by reference herein.

79. Throughout the statute of limitations period covered by these claims, Defendant violated the FLSA by developing a standard business practice that did not allow for the collection of accurate information on the hours worked by Plaintiffs and others similarly situated, in violation of 29 U.S.C. § 211(c), thereby failing to pay Plaintiffs and others similarly situated at the required minimum wage for each hour worked.

80. Defendant has willfully and intentionally engaged in a widespread pattern and practice of violating provisions of the FLSA by failing to pay Plaintiffs and others similarly situated at the federally mandated minimum wage for all hours worked. Defendant has violated, and continues to violate, the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 206 and 215(a).

81. Because Defendant's violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255(a).

82. As a result of Defendant's violations of the FLSA, Plaintiffs and others similarly situated have suffered damages by being denied pay at the federally required rate for all of their hours worked in an amount to be determined at trial and are therefore entitled to recovery of such amounts, an equal additional amount as liquidated damages, post-judgment interest, reasonable attorneys' fees, and costs, pursuant to 29 U.S.C. § 216(b).

## SECOND CAUSE OF ACTION
**(Overtime Violations of the FLSA - Brought by Plaintiffs
on Behalf of Themselves and the FLSA Collective Plaintiffs)**

83. Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs as if they were set forth herein.

84. Throughout the statute of limitations period covered by these claims, Plaintiffs and others similarly situated were "employees" of Defendant within the meaning of the FLSA, 29 U.S.C. § 203(e) and (g).

85. Throughout the statute of limitations period covered by these claims, Plaintiffs and others similarly situated were employees engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 203(b), 206, and 207 and therefore individually covered by the FLSA.

86. Throughout the statute of limitations period covered by these claims, Defendant has been, and continues to be, an "employer" engaged in interstate "commerce" and/or the production or sale of "goods" for "commerce" within the meaning of the FLSA, 29 U.S.C. § 203.

87. Throughout the statute of limitations period covered by these claims, Defendant violated the FLSA by developing a standard business practice that did not allow for the

collection of accurate information on the hours worked by Plaintiffs and others similarly situated, in violation of 29 U.S.C. § 211(c), thereby failing to pay Plaintiffs and others similarly situated at the required overtime rates for each hour worked above forty (40) per workweek.

88.     Defendant has willfully and intentionally engaged in a widespread pattern and practice of violating provisions of the FLSA by failing to pay Plaintiffs and others similarly situated the federally mandated overtime wages for all hours worked above forty (40) per workweek.  Defendant has violated, and continues to violate, the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207 and 215(a).

89.     Because Defendant's violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255(a).

90.     As a result of Defendant's violations of the FLSA, Plaintiffs and others similarly situated have suffered damages by being denied pay at the federally required rates for all of their overtime hours worked in an amount to be determined at trial and are therefore entitled to recovery of such amounts, an equal additional amount as liquidated damages, post-judgment interest, reasonable attorneys' fees, and costs, pursuant to 29 U.S.C. § 216(b).

## <u>THIRD CAUSE OF ACTION</u>

### New York Labor Law, Article 19: Minimum Wages and Overtime Wages
### (Brought by Plaintiffs on Behalf of Themselves and the Rule 23 Class)

91.     Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs as if they were set forth herein.

92.     At all times relevant hereto, Plaintiffs and the members of the Rule 23 Class were "employees" within the meaning of N.Y. Lab. Law § 190(2), and N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.14.

93. At all times relevant hereto, Defendant was an employer within the meaning of N.Y. Lab. Law § 650(6).

94. It is unlawful under the NYLL law for an employer to suffer or permit a non-exempt employee to work without paying the required minimum wage rates for all hours worked and overtime premiums for all hours worked in excess of forty (40) hours in any workweek.

95. Throughout the Class Period, Defendant willfully, regularly, repeatedly and knowingly violated the Plaintiffs' and the Class Members' rights by failing to pay them compensation at the required minimum wage rates for all hours worked as well as overtime compensation at the required overtime rates for hours worked in excess of forty (40) hours per workweek, in violation of the NYLL and its regulations.

96. As a direct and proximate result of Defendant's unlawful conduct, as set forth herein, Plaintiffs and the Class Members have sustained damages, including loss of earnings, in an amount to be established at trial.

97. Also as detailed above, Defendant's actions were willful.

98. Due to Defendant's NYLL violations, Plaintiffs, on behalf of themselves and the Class Members, seek damages in the amount of their respective unpaid minimum wages, their unpaid wages, their unpaid overtime compensation, pre-judgment and post-judgment interest, attorneys' fees and costs, pursuant to the NYLL, and such other legal and equitable relief as this Court deems just and proper.

**FOURTH CAUSE OF ACTION**
**New York Labor Law, Articles 6 and 19—Spread of Hours Pay**
**(Brought by Plaintiffs on Behalf of Themselves and the Rule 23 Class)**

99. Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs as if they were set forth herein.

100.	Throughout the Class Period, Defendant failed to pay Plaintiffs and the members of the Rule 23 Class an additional hour's pay at the basic minimum hourly wage rate for each day that they worked a spread of hours that exceeded ten hours or a shift in excess of ten hours, in violation of N.Y. Lab. Law § 190, *et seq.*, and 650, *et seq.*, and N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.4.

101.	Due to Defendant's violations of the NYLL, Plaintiffs and the members of the Rule 23 Class are entitled to recover from Defendant their unpaid wages, liquidated damages, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

**FIFTH CAUSE OF ACTION**
**Notice Violations:  New York Labor Law § 195(1)**
**(Brought by Plaintiffs on Behalf of Themselves and the Rule 23 Class)**

102.	Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs as if they were set forth herein.

103.	During the Class Period the NYLL was amended twice.

104.	Effective April 9, 2011, the NYLL was amended to require employers to provide each employee with a written notice "at the time of hiring, and on or before February first of each subsequent year of the employee's employment with the employer."  N.Y. Lab. Law § 195(1) (2010).

105.	Among other required information the notice must include the employee's "regular hourly rate and overtime rate of pay" where the employee, such as Plaintiffs and the Rule 23 Class, are entitled to overtime pay under the laws and regulations of New York.

106.	Defendant never provided Plaintiffs and the Rule 23 Class with a written notice that accurately stated their "regular hourly rate and overtime rate of pay."

107.    From April 9, 2011, until the second amendment took effect on February 27, 2015, the penalty for failing to provide this required notice was $50.00 per week up to a maximum of $2,500.00.  N.Y. Lab. Law § 198(1-b) (2010).

108.    Effective December 29, 2014, the NYLL was amended to remove the requirement that the notice required by section 195(1) of the NYLL be provided on a yearly basis.

109.    However, the penalties were increased.  Effective February 27, 2015, the penalty for not providing a written notice when the employee was hired was increased to $50.00 ***per workday*** with a maximum penalty of $5,000.00.  N.Y. Lab. Law § 198(1-b) (2014).

110.    Plaintiffs seek the statutory penalty for themselves and for each member of the Rule 23 Class together with costs and reasonable attorneys' fees.

### SIXTH CAUSE OF ACTION
**Notice Violations:  New York Labor Law § 195(3)**
**(Brought by Plaintiffs on Behalf of Themselves and the Rule 23 Class)**

111.    Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs as if they were set forth herein.

112.    During the Class Period the NYLL was amended twice.

113.    Effective April 9, 2011, the NYLL was amended to specify the information that an employer must furnish with each payment of wages.  N.Y. Lab. Law § 195(3) (2010).

114.    From April 9, 2011, until the second amendment took effect on February 27, 2015, the penalty for failing to provide the wage statement required by section 195(3) of the NYLL was $100.00 per week up to a maximum of $2,500.00.  N.Y. Lab. Law § 198(1-d) (2010).  This penalty was increased effective February 27, 2015, to $250.00 ***per workday*** with a maximum penalty of $5,000.00.  N.Y. Lab. Law § 198(1-b) (2014).

115.    Defendant has willfully failed to supply Plaintiffs and the Class Members with an accurate statement of wages as required by NYLL § 195(3), containing the "dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; <u>the number of hours worked</u>, including overtime hours worked if applicable; deductions; allowances, if any, claimed as part of the minimum wage; and net wages."

116.    Plaintiffs seek the statutory penalty for themselves and for each member of the Rule 23 Class together with costs and reasonable attorneys' fees.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs, on behalf of themselves, the FLSA Collective, and the Rule 23 Class pray for relief as follows:

(a)    Designation of this action as a collective action on behalf of the FLSA Collective members and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

(b)    Certification of this action as a class action on behalf of the Rule 23 Class;

(c)    Designation of Plaintiffs as Representatives of the FLSA Collective Plaintiffs and Class Representatives of the Rule Class;

(d)    An award of damages, according to proof, including FLSA liquidated damages, and interest, to be paid by Defendant;

(e)      An award of damages to Plaintiffs and the Rule Class for violations of the NYLL, including statutory damages and NYLL liquidated damages;

(f)      Costs of action incurred herein, including expert fees;

(g)      Attorneys' fees, including fees pursuant to 29 U.S.C. § 216, N.Y. Lab. L. §§ 663, 198 and other applicable statutes;

(h)      Pre-judgment and post-judgment interest, as provided by law; and

(i)      Such other and further legal and equitable relief as this Court deems necessary, just, and proper.

## **JURY DEMAND**

Plaintiffs, on behalf of themselves, the FLSA Collective, and the Rule 23 Class demand a trial by jury on all causes of action and claims with respect to which they have a right to a jury trial.

Dated: April 4, 2017          Respectfully submitted,

HARRISON, HARRISON & ASSOCIATES

_____/s/ David Harrison_____
David Harrison, Esq.
110 State Highway 35, Suite 10
Red Bank, NJ 07701
(718) 799-9111 Phone
(718) 799-9171 Fax
nycotlaw@gmail.com
*Attorneys for Plaintiffs, Proposed Collective Plaintiffs and Proposed Class Members*

# EXHIBIT "A"

I am a current or former employee of MJ-MC Home Health Care Agency, Inc., and/or related entities/individuals. I hereby consent and agree to be a party Plaintiff in this Action to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. 216(b).

I hereby designate Harrison, Harrison & Associates, Ltd. to represent me in this Action and I also consent and agree, if such is necessary, to file this claim on behalf of all others similarly situated.

Signed this ____ day of _23 - 0 7_, 2017.

_Marie F Toussaint_
Signature

_MARIE F TOUSAINT_
Full Legal Name (print)

I am a current or former employee of MJ-MC Home Health Care Agency, Inc., and/or related entities/individuals. I hereby consent and agree to be a party Plaintiff in this Action to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. 216(b).

I hereby designate Harrison, Harrison & Associates, Ltd. to represent me in this Action and I also consent and agree, if such is necessary, to file this claim on behalf of all others similarly situated.

Date: 3/27/2017 _____

_____
Signature

Cherice Daniels
~~Sherice~~
_____
Full Legal Name (print)

I am a current or former employee of MJ-MC Home Health Care Agency, Inc., and/or related entities/individuals. I hereby consent and agree to be a party Plaintiff in this Action to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. 216(b).

I hereby designate Harrison, Harrison & Associates, Ltd. to represent me in this Action and I also consent and agree, if such is necessary, to file this claim on behalf of all others similarly situated.

Date: 4/2/2017 _____


DocuSigned by:
A33C311AA58F41C...

_____
Signature

Louisemie Dautruche

_____
Full Legal Name (print)